UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIDGET BRUMFIELD, on behalf of herself and all others similarly situated, | CIVIL ACTION NO.: |
| Plaintiff, | SECTION: |
| vs. | MAGISTRATE: |
| WALLE CORPORATION | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, BRIDGET BRUMFIELD, and files this Complaint against Defendant, WALLE CORPORATION, ("Defendant"), who asserts claims on behalf of herself and all others similarly situated, seeking overtime and liquidated damages owed to them for not being paid overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., (hereinafter called the "FLSA").

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs. Thus, jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331.

## VENUE

2. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendant is subject to personal jurisdiction, where Defendant does business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

3. At all times material hereto, Plaintiff worked for Defendant in its Harahan, Louisiana location.

4. At all times material hereto Defendant was, and continues to be a Louisiana nonprofit corporation. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Jefferson Parish, Louisiana.

## PLAINTIFF IS SUBJECT TO THE PROVISIONS OF THE FLSA

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

6. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

8. At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of FLSA.

9. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## FACTUAL ALLEGATIONS

12. All previous paragraphs are incorporated by reference herein.

13. In December 2013 Plaintiff began working for Defendant as a Die Puncher.

14. She worked for Defendant in this capacity until October 2015, when she was injured on the job.

15. Defendant operated on three shifts and paid Plaintiff one rate of pay for working during her first shift and paid her a higher rate of pay for working during the third shift.

16. Plaintiff regularly worked during the third shift for Defendant during the week and also regularly worked in excess of 40 hours per week for Defendant.

17. In this manner, many of the overtime hours that Plaintiff worked for Defendant were at her higher rate of pay.

18. Under the FLSA, when an employee works at two different rates of pay, for the purposes of overtime, the employer must either average the rates of pay, weighted for the amount of time the employee spends in each role or pay the employee overtime at the rate of pay for the position the employee is working when he or she actually works overtime hours. The employer may not, as a policy, simply pay the employee overtime at a rate based upon the lowest rate of pay received by the employee.

19. However, regardless of whether Plaintiff was working in the first or second or in the third shift when she worked overtime for Defendant, Defendant paid all of her overtime hours at an overtime rate based upon her lower rate of pay.

20. In doing so, Defendant failed to pay Plaintiff all overtime pay that she is owed under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

21. All previous paragraphs are incorporated as though fully set forth herein.

22. Defendant's payroll practices and policies, and specifically, those complained of herein, were generated and overseen by its out of state corporate office and, upon information and belief are uniform for each of Defendant's locations throughout the Southeast.

23. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who worked for Defendant in more than one capacity since 2014, who were paid by the hour at different rates of pay depending upon what shift that they worked for Defendant, but who were only paid overtime at a rate based upon their lower rate of pay, without regard for whether they only worked overtime in the lower rate of pay shift, in direct violation of the FLSA.

24. In this manner, Defendant failed to pay the Plaintiff and the FLSA Plaintiffs all overtime pay to which they were, and are, entitled to be paid under the FLSA.

25. Plaintiff brings this action as a collective action under the FLSA to recover unpaid overtime, an equal amount as liquidated damages, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendant

due to Defendant's failure to accurately record the hours that they worked and failure to pay them overtime for all hours that they worked in excess of 40 per week.

26. Plaintiff estimates that there are dozens, if not hundreds, of members of the FLSA Collective Class who have been affected by Defendant's improper policies and practices, based upon the number of current employees of Defendant, the number of work locations maintained by Defendant, the Defendant's treatment of all of its employees in the same manner, and the turnover rate of Defendant's employees in the last three years. It would be impractical to join all of those employees and former employees in this action.

27. The precise number of persons in the FLSA Collective Action Class can be easily identified and located using Defendant's payroll and other personnel records.

28. Given the composition and size of the FLSA Collective Class, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail, text message and email.

29. Plaintiff's claim for unpaid overtime wages is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members she seeks to represent via the Class in that:

    (a) Plaintiff and similarly situated employees worked for Defendant as hourly employees and were subject to the same job scheduling policies and payment practices (although they may have been paid a different hourly rate).

    (b) Plaintiff is personally aware that Defendant had a policy whereby it only paid employees overtime at a rate of pay based upon their lowest rate of

    pay, without regard for whether they were actually working in that capacity for each and every overtime hour that they worked.

 (c) Plaintiff is personally aware that other similarly situated employees of Defendant routinely worked in excess of 40 hours per week, but were not paid all overtime owed for all hours worked in excess of 40 hours per week due to Defendant's unlawful policy of basing their overtime rate on their lowest rate of pay.

 (d) Although the number of hours worked by Plaintiff and FLSA Collective Plaintiffs may differ, the payment scheme described above was applied to all hourly employees who worked for Defendant in more than one capacity at differing rates of pay and who worked overtime. The hours each employee worked should be readily determinable by review of Defendant's records and via the Plaintiff and FLSA Collective Action Plaintiffs' best recollection where or if Defendant's records are incomplete, incorrect or otherwise inadequate.

 (e) Accordingly, Plaintiff is in the best position to represent all members of the FLSA collective class as a whole.

30. In addition, because Defendant applied its unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Class, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

31. Plaintiff requests that the Court authorize notice to the FLSA Collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

### COLLECTIVE ACTION CAUSES OF ACTION
### COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.*

32. All previous paragraphs are incorporated as though fully set forth herein.

33. As a result of Defendant's automatic basing of each employee's overtime rate of pay on their lowest pay rate, without regard for whether all overtime hours were worked in the shift with the lowest pay rate, Plaintiff and the FLSA Collective Action Plaintiffs were not paid at the federally-mandated overtime rate for each and every hour that they worked in excess of 40 hours per week.

34. Plaintiff and the FLSA Collective Action Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rates of pay for all hours they worked in excess of 40 hours.

35. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

36. At all times material hereto, Defendant has failed to maintain proper time records as mandated by the FLSA.

37. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Action Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 hours per week when they knew, or should have known, such was and is due.

38. Defendant has failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Plaintiffs of their rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and the FLSA Collective Action Plaintiffs have suffered lost minimum wage and lost compensation for time worked over 40 hours per week, plus liquidated damages.

40. Plaintiff and the FLSA Collective Action Plaintiffs are also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## ATTORNEY'S FEES

41. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the FLSA Collective Action Plaintiffs in this litigation and have agreed to pay the firm a reasonable fee for its services.

## CONSENT

42. Plaintiff's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bridget Brumfield prays that judgment be entered in her

and the FLSA Collective Action Plaintiffs' favor and against Defendant,

    a.    Declaring that Defendant's actions of failing to pay to Plaintiff and the FLSA Collective Action Plaintiffs time and one-half their regular rate of all of the hours they worked in excess of 40 per week is in violation of the FLSA;

    b.    Awarding Plaintiff and the FLSA Collective Action Plaintiffs an amount equal to their unpaid overtime wages, plus an equal amount as liquidated damages;

    c.    Awarding Plaintiff and the FLSA Collective Action Plaintiffs reasonable attorneys fees and costs;

    d.    Interest from the date of demand; and

    e.    All other relief to which Plaintiff and/or the FLSA Collective Action Plaintiffs may be entitled.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiff and the FLSA Collective Action Plaintiffs

**PLEASE SERVE:**
Walle Corporation
Through its registered agent
R.M. Keeney
600 Elmwood Park Boulevard
Harahan, LA 70123